UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JORDAN J. MARTINEZ,

        Plaintiff,

  v.

        Case No. 19-cv-1161-pp

JOHN DOES, *et al.*,

        Defendants.

---

**ORDER DISMISSING CASE FOR FAILURE TO IDENTIFY DOE DEFENDANTS AS REQUIRED BY THE COURT**

---

Plaintiff Jordan J. Martinez, who is representing himself, filed a civil rights complaint under against the West Bend Police Department, claiming violation of his civil rights under 42 U.S.C. § 1983. Dkt. No. 1. On the last page of the complaint, where the form asked the plaintiff to list his contact information, the plaintiff put "homeless" as his mailing address. Id. at 5. He provided a telephone number in the (262) area code and an email address. Id.

On January 13, 2020, the court screened the complaint and dismissed the police department, but allowed the plaintiff to proceed on a claim against the individual officers whom the plaintiff had described in the complaint but had not identified by name. Dkt. No. 4. The court added "John Doe" placeholders to the docket for the individual officers and named West Bend Police Chief Kenneth Meuler as a defendant for the limited purpose of helping the plaintiff identify the John Doe defendants. Dkt. No. 4 at 6. The court

1

informed the plaintiff that he must serve discovery on Chief Meuler to learn the real names of the Doe defendants. Id. at 4-5. The court also advised the plaintiff that if he did not identify the Doe defendants within sixty days of Chief Meuler's attorney appearing in the case, the court could dismiss the case based on the plaintiff's failure to diligently pursue it. Id. at 5-6. The court sent this order to the email address the plaintiff had provided.

Attorney Andrew A. Jones appeared on behalf of Chief Meuler on March 18, 2020. Dkt. No. 6. Because Jones did not file a certificate of service, the court could not determine whether the plaintiff had received notice of the appearance, so in an October 28, 2020 order, the court gave the plaintiff an additional sixty days—until December 28, 2020—to identify the John Doe Officers. Dkt. No. 8. The court again advised the plaintiff that if he did not identify the Doe defendants by that deadline, the court would assume he no longer wanted to pursue the case and would dismiss the case without prejudice and without further notice. Id. at 2. The court emailed this order to the plaintiff at the email address he had provided.

The December 28, 2020 deadline has passed, and the plaintiff has not filed a motion identifying the Doe defendants or explained why he is unable to do so. The Eastern District of Wisconsin's Civil Local Rule 41(c) states, "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice. . . ." Because the plaintiff has not filed a motion identifying the Doe defendants—or communicated with the court in any way since filing the

2

Case 2:19-cv-01161-PP   Filed 01/28/21   Page 2 of 3   Document 9

complaint seventeen months ago—the court assumes he no longer wants to pursue the case. The court will dismiss the case without prejudice.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of prosecution. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**